FILED

2009 Sep-17  PM 03:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

## 1IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **KENNETH GERALD KNABENSHUE,**   ) | |
| )  | |
| **Plaintiff,**   ) | |
| )  | |
| **vs.**   ) | **Case No. 2:08-cv-00802-RDP-RRA** |
| )  | |
| **RICHARD F. ALLEN, et al.,**   ) | |
| )  | |
| **Defendants.**   ) | |

### MEMORANDUM OPINION

The magistrate judge filed a report and recommendation on August 24, 2009, recommending that: (1) Defendant Anthony Peebles be dismissed; (2) the Alabama Department of Correction ("ADOC") defendants' motion for summary judgment be granted as to Plaintiff's claims against Defendants in their official capacities for monetary relief; (3) the ADOC defendants' motion for summary judgment be granted as to Plaintiff's Eighth Amendment medical claim against Defendant Gordy; (4) Defendant Correctional Medical Services, Inc.'s ("CMS") motion for summary judgment be granted as to Plaintiff's Eighth Amendment medical claims; and (5) Plaintiff's due process, compulsion, and retaliation claims be dismissed.

The magistrate judge further recommended that the ADOC defendants' motion for summary judgment be denied as to Plaintiff's Eighth Amendment claims against Defendants Binder, Lampley, Nath, Gadson, and Cade for excessive force and against Defendants Gordy, Richie, McCord, and Wiley for failure to protect. The magistrate judge further recommended that the ADOC defendants' motion for summary judgment on the basis of qualified immunity be denied.

The parties were allowed fifteen (15) days in which to file written objections to the magistrate judge's recommendations.  On September 1, 2009, Plaintiff  filed a "motion to redress the capacities in which Plaintiff has brought claims against Defendants." (Doc. #49).  Plaintiff states that the magistrate judge's recommendation to dismiss Plaintiff's claims against Defendants in their official capacities is based on sovereign immunity.  Plaintiff asserts that he intended to sue Defendants in their individual capacities, not in their official capacities.

The magistrate judge's report and recommendation addressed Plaintiff's claims against the ADOC defendants in their official *and* individual capacities. The magistrate judge first concluded that Plaintiff cannot proceed against the ADOC defendants in their official capacities for monetary relief based on their Eleventh Amendment immunity. (Doc. #46 at 21-22.) That recommendation having been made, the remainder of the legal analysis necessarily considers Plaintiff's claims against the ADOC defendants in their individual capacities. The magistrate judge recommended that the ADOC defendants' motion for summary judgment be denied as to Defendants Binder, Lampley, Nath, Gadson, and Cade for excessive force, and as to Defendants Gordy, Richie, McCord, and Wiley for failure to protect. Therefore, those claims will proceed against these ADOC defendants in their individual capacities.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and Plaintiff's said motion filed in response thereto, the court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and the magistrate judge's recommendation is **ACCEPTED**.  The court further states as follows:

1.      Plaintiff's motion to redress is due to be denied as moot;

2

2.      Plaintiff's claims against Defendant Anthony Peebles are due to be dismissed without prejudice as his address was never ascertained and he has never been served;

3.      There are no genuine issues of material fact as to Plaintiff's claims against the ADOC defendants in their official capacities for monetary relief.  Therefore, the ADOC defendants' motion for summary judgment is due to be granted and all claims against them in their official capacities for monetary relief are due to be dismissed with prejudice;

4.      There are genuine issues of material fact as to Plaintiff's Eighth Amendment claims against Defendants Binder, Lampley, Nath, Gadson, and Cade for excessive force.  Therefore, the ADOC defendants' motion for summary judgment on this claim is due to be denied;

5.      The ADOC defendants' motion for summary judgment as to Plaintiff's excessive force claims against Defendants Binder, Lampley, Nath, Gadson, and Cade on the basis of qualified immunity is due to be denied;

6.      There are genuine issues of material fact as to Plaintiff's Eighth Amendment claims against Defendants Gordy, Richie, McCord, and Wiley's for failure to protect.  Therefore, the ADOC defendants' motion for summary judgment is due to be denied;

7.      The ADOC defendants' motion for summary judgment as to Plaintiff's failure to protect claims against Defendants Gordy, Richie, McCord, and Wiley on the basis of qualified immunity is due to be denied;

8.      Plaintiff's Fourteenth Amendment due process claim is due to be dismissed;

9.      Plaintiff's Fifth Amendment compulsion claim is due to be dismissed;

10.     Plaintiff's retaliation claim is due to be dismissed;

11.     There are no genuine issues of material fact as to Plaintiff's Eighth Amendment medical claim against Defendant Gordy.  Therefore, Plaintiff's medical care claim against Defendant Gordy is due to be dismissed with prejudice; and

12.     There are no genuine issues of material fact as to Plaintiff's Eighth Amendment medical claims against Defendant CMS.  Therefore, Defendant CMS's motion for summary judgment is due to be granted and Plaintiff's claims are due to be dismissed with prejudice.

An appropriate order will be entered.

**DONE** and **ORDERED** this _____17th_____ day of September, 2009.

_____

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE